UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAMÓN ZORILLA-ECHEVARRÍA,<br><br>Defendant. | Criminal No. 07-448 (JAF) |

**OPINION AND ORDER**

Defendant, Ramón Zorilla-Echevarría, was convicted of both failing to report the export of cash in excess of $10,000, in violation of 31 U.S.C. § 5316, and bulk-cash smuggling, in violation of 31 U.S.C. § 5332. Upon the Government's motion (Docket No. 97), we entered an Amended Preliminary Order of Forfeiture for $543,731, an amount equal to the cash used in the commission of the crime. (Docket No. 97.)  Defendant and a third-party claimant, Andrés Castillo-Peña, ("Movants") filed a motion to strike the amended order and to return to them the cash that was the object of Defendant's crime. (Docket No. 100.) The Government opposed (Docket No. 102), and Defendant replied to the Government's opposition (Docket No. 103).

**I.**

**Factual and Procedural History**

Prior to Defendant's conviction, and pursuant to Federal Rule of Criminal Procedure 32.2, the Government requested the entry of a preliminary order of forfeiture. (Docket No. 49.) In response to Defendant's opposition (Docket No. 53), the Government insisted that

Criminal No. 07-448 (JAF)                                                                                                          -2-

its forfeiture request was in the form of a money judgment instead of the forfeiture of any specific property. (Docket No. 61.) We entered a Preliminary Order of Forfeiture on March 17, 2008, in accordance with Rule 32.2(b)(2). (Docket No. 62.) This order did not specify whether the forfeiture would be a forfeiture of specific property or a money judgment against Defendant. Our judgment against Defendant did not incorporate a final order of forfeiture. (Docket No. 73). In our order denying Movants' request for an ancillary hearing, we clarified that the preliminary order of forfeiture took the form of a money judgment. (Docket No. 78; see also Docket No. 83 (denying Defendant's Motion for Reconsideration of Court Order Denying Motions for Ancillary Hearing on the basis of the forfeiture being a money judgment in personam).) In order to correct a clerical mistake, a difference of $95 in the amount of the forfeiture, the Government moved to amend the preliminary order of forfeiture by reducing the forfeiture to $543,731. (Docket No. 96.) We granted the Government's motion and adopted its proposed order. (Docket No. 97.)

Movants petitioned to strike the Amended Preliminary Order of Forfeiture, arguing that the order's language improperly changed the forfeiture from a money judgment to a specific forfeiture of property. (Docket No. 100.) The Movants rely on this argument and the lack of a final forfeiture order in the judgment to demand the return of the cash seized from Defendant. (Id.)

Criminal No. 07-448 (JAF)                                                                                             -3-

## II.

## **Analysis**

**A.     Motion to Vacate**

Movants bring their challenge first as a Motion to Strike and, later, as a Motion to Vacate the Court's Amended Preliminary Order. (Docket Nos. 100; 103.) As to Defendant, this is not the proper means of challenging a forfeiture order. Federal Rule of Criminal Procedure 29 allows a defendant to move the court for a judgment of acquittal, after a jury verdict, if filed within seven days of said verdict. Rule 33 provides courts with a means to vacate judgments and grant new trials "if the interest of justice so requires." Fed. R. Crim. P. 33 (2009). Absent a motion based on newly-discovered evidence, a Rule 33 motion must be filed within seven days after the guilty verdict. Id. Defendant was convicted on January 14, 2008 (Docket No. 47), and his motion challenging the amended forfeiture order was not filed until December 23, 2009 (Docket No. 100). Any motion under Rule 29 or Rule 33 is, therefore, time barred.

To the extent Defendant's challenge is brought under any of the Federal Rules of Civil Procedure, it again must be denied. The Federal Rules of Civil Procedure cannot be used by a defendant to challenge criminal forfeiture orders. See, e.g., United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (holding that Rule 60(b) cannot be used to challenge a criminal forfeiture). Nor is a 28 U.S.C. § 2255 motion available for Movants to challenge the forfeiture order. By its terms, § 2255 applies only to persons in custody "claiming the right to be released." 28 U.S.C. § 2255. This statute cannot be used to challenge fines or restitution that are part of a final judgment. See Smullen v. United States, 94 F.3d 20, 25-26

Criminal No. 07-448 (JAF) -4-

(1st Cir. 1996). Because forfeiture, like fines or restitution, is merely a financial penalty and not a physical constraint on liberty, it is not properly challenged on a § 2255 motion.

As a third party, Castillo-Peña has no standing to collaterally challenge an unenforced money-judgment forfeiture. To meet the standing requirement, a plaintiff "must 'adequately establish: (1) an injury in fact . . . ; (2) causation . . . ; and (3) redressability." SBT Holdings, LLC v. Town of Westminster, 547 F.3d 28, 37 (1st Cir. 2008) (quoting Sprint Commc'ns Co. v. APCC Servs., Inc., 128 S. Ct. 2531, 2535 (2008)). Castillo-Peña has not demonstrated an injury to him by the entry of a money judgment against Defendant. If, in the future, the money judgment were executed against property in which Castillo-Peña has an interest, he would then have standing. But we have yet to reach that stage.

**B.     Return of Property**

Movants also request the return of the cash seized by the Government during Defendant's arrest. Movants argue that the cash must be returned to them because the Government obtained a money judgment instead of a forfeiture of the property — in this case, the physical currency — used to commit the crime of bulk-cash smuggling. Since the forfeiture we ordered is in the form of a money judgment, a strictly formalistic reading of the Rules of Criminal Procedure could support an argument for the return of this cash to Defendant. As Movants argue, the Government has only a money judgment that it must execute and, since the Government has not moved to execute the judgment, the cash should be returned. (Docket No. 100 at 6-8.) Such a reading, however, would come at the expense of all reason and justice, resulting in the return of over a half-million dollars to a convicted cash smuggler.

Rather, we construe the Government's Motion to Amend Preliminary Order for Forfeiture of Property (Docket No. 96) as a motion to attach the cash in question under Federal Rule of Civil Procedure 64, which directs federal courts to use "every remedy available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Puerto Rico Rule of Civil Procedure 56 provides that "on motion of a claimant, the court may issue any provisional order it may deem necessary to secure satisfaction of the judgment." Rule 56 then lists available remedies, including attachment, before ending with the caveat that the court "shall adjudicate as substantial justice may require." Rule 56.2 requires notice and a hearing before property may be attached, but the Puerto Rico Supreme Court has recognized an exception to this requirement where one shows "a probability of prevailing on the merits through the use of authentic documentary evidence which shows that there is a debt liquid, due, and payable." Citibank, N.A. v. Allied Mgmt. Group, Inc., 466 F. Supp. 2d 403, 406 (D.P.R. 2006) (quoting Rivera Rodriguez v. Stowell, 133 P.R. Dec. 881, 896 (1993)).

The Government's proposal for the text of the order (Docket No. 96-2) anticipates that the cash previously seized and in the Government's possession will be used to fulfill the judgment. Furthermore, we note that attachment of the funds would be available to us sua sponte. Although Rule 56.4 and Stargus Props. v. Tribunal Superior, 1 P.R. Offic. Trans. 139 (1973), could be interpreted as barring a court from attaching property sua sponte, the First Circuit held that Stargus "does not stand for the broad proposition that the Puerto Rico Supreme Court always insists upon strict compliance with the recordation and seizure requirements of Rule 56.4." Goya Foods, Inc. v. Wallack Mgmt. Co., 290 F.3d 63, 73 (1st

Criminal No. 07-448 (JAF)                                                                                                        -6-

Cir. 2002).  Finally, an order of attachment is appropriate under the inherent equitable power of federal courts.  In another case interpreting provisional remedies allowed by Rule 56.2, the First Circuit held that the District Courts have inherent equitable powers "to 'preserve a fund or property which may be the subject of a final decree' . . . . And the judiciary must be free, within reason, to exercise this inherent judicial power in flexible and pragmatic ways." HMG Prop. Investors, Inc. v. Parque Indus. Río Canas, Inc., 847 F.2d 908, 916 (1st Cir. 1988) (citing Usaco Coal Co. v. Carbomin Energy, Inc., 689 F.2d 94, 97-98 (6th Cir. 1982)).

Therefore, in order to avoid gross injustice, we order the attachment of the $543,731 cash currently held by U.S. Customs and Border Protection (08-CBP-00289), pending execution of the money-judgment forfeiture entered against Defendant.

### III.

### Conclusion

We hereby **DENY** Movants' Motion to Strike and for Return of Property (Docket No. 100).  We order the **ATTACHMENT** of the $543,731 used in the commission of Defendant's crime and seized from him during his arrest.  The Government will obtain from the Clerk of Court a writ of attachment and will proceed to execute the same.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 12th day of March, 2010.

                                                                         s/José Antonio Fusté
                                                                         JOSE ANTONIO FUSTE
                                                                         Chief U.S. District Judge